IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

GREGORY WINTERS, *Petitioner*,

*v.*

MACIE PEREZ, *Respondent.*

No. 1 CA-SA 26-0094
FILED 8-12-2026

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2024-090003
The Honorable Amanda M. Parker, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

RJ Peters & Associates PC, Phoenix
By Rich J. Peters
*Counsel for Petitioner*

Defenders of Children, Phoenix
By Shannon Maier Brien
*Counsel for Respondent*

---

## OPINION

Vice Chief Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1** A party who invokes the Fifth Amendment privilege against self-incrimination in dissolution proceedings may not offer personal testimony to support his case, and the trial judge may draw a negative inference from his silence. In a dissolution proceeding that turns on one issue, like child custody, the rule is absolute and the invoking party may not offer any personal testimony. But dissolution proceedings often turn on more than one issue. When a proceeding raises discrete, unrelated issues, invoking the privilege on one issue does not bar testimony on the others. We hold that Father may invoke the privilege on domestic violence questions and still testify about the division of marital assets and debt, and the superior court erred by ruling otherwise.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Gregory Winters ("Father") and Macie Perez ("Mother") married in March 2019 and share three minor children. Mother petitioned for divorce in 2024. The parties disputed legal decision-making, parenting time, child support, property division, debt allocation and attorney fees.

**¶3** In her pretrial statement, Mother alleged a significant history of domestic violence by Father, stressing an incident from December 2023, when he flashed a gun at Mother and her friends and cocked it. Mother planned to testify about that history at trial to defeat Father's request for legal decision-making authority. *See* A.R.S. § 25-403.03.

**¶4** Father planned to invoke the Fifth Amendment if questioned about the December 2023 incident, accepting the court could draw a negative inference from his silence. But he wanted to testify about unrelated financial issues, like the division of marital assets and debt, which he viewed as separate from the domestic violence allegations.

**¶5** Father took the stand at trial and invoked his Fifth Amendment privilege with respect to the December 2023 incident. The

superior court then ruled Father could not testify about any issues. Father objected, arguing he should be permitted to testify about unrelated financial issues. The court continued the trial so Father could seek special action review. We accepted jurisdiction and granted relief with an opinion to follow. This is that opinion.

## JURISDICTION

¶6        Special action jurisdiction is discretionary and appropriate when no "equally plain, speedy, and adequate" remedy exists by appeal. Ariz. R.P. Spec. Act. 12(a).

¶7        We accept jurisdiction. Father has no adequate remedy by appeal. He faces a constitutional dilemma: waive the privilege and risk criminal exposure, or preserve it and forfeit his chance to testify about financial issues. *See* Ariz. R.P. Spec. Act 12(b)(2). The issue on appeal can also evade review because parties faced with this dilemma tend to waive the privilege rather than litigate. *See* Ariz. R.P. Spec. Act. 12(b)(5).

## DISCUSSION

¶8        We review evidentiary rulings for an abuse of discretion but review constitutional and legal questions de novo. *State v. Pandeli*, 215 Ariz. 514, 522, ¶ 11 (2007).

¶9        The Fifth Amendment directs that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege applies to the states, *Malloy v. Hogan*, 378 U.S. 1, 6 (1964), and extends to civil litigation when a witness is asked to answer a question that might incriminate them in a future criminal case, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). But it operates differently in civil and criminal settings. In civil proceedings, the factfinder may draw a negative inference from a defendant's silence. *Montoya v. Superior Court*, 173 Ariz. 129, 131 (App. 1992). In criminal proceedings, the factfinder may not. *State v. Parker*, 231 Ariz. 391, 406, ¶ 67 (2013).

¶10        At issue here is whether a party who invokes the Fifth Amendment privilege on one issue in dissolution proceedings may still testify about other discrete, unrelated issues.

¶11        Both parties agree that *Montoya v. Superior Court* controls, but they disagree about what it means here. 173 Ariz. 129. *Montoya* was a child custody dispute. *Id.* at 129–30. Each parent wanted parenting time and legal decision-making over their child—no more. *Id.* Father invoked his

Fifth Amendment privilege to avoid questions about prior drug use. *Id.* For that reason, the superior court struck his pleadings and entered default judgment for the mother. *Id.* We vacated the court's order, holding that the superior court imposed an "undue cost" on father's exercise of the privilege. *Id.* at 131–32 (quoting *Mahne v. Mahne*, 66 N.J. 53, 61 (1974)). We agreed, however, that an all-or-nothing principle governed: if the father invoked the privilege, the court could draw a negative inference, and he could offer no personal testimony to support his case. *Id.*

**¶12**     That rule does not apply here. *Montoya* raised one contested issue—child custody—and father's drug use was directly relevant to that issue. *See id.* at 130; A.R.S. § 25-332(A)(5) (1992) (directing courts to consider "the mental and physical health of all individuals involved"). Against that backdrop, an all-or-nothing rule followed.

**¶13**     This case is different. The parties here raise several distinct legal issues: legal decision-making, parenting time, property division, debt allocation and attorney fees. The December 2023 domestic violence incident bears on legal decision-making and parenting time, *see* A.R.S. § 25-403.03 (2025) (prohibiting joint legal decision-making upon finding significant domestic violence and directing courts to consider domestic violence as contrary to a child's best interests),[1] but not on the division of marital property. That issue turns on when the disputed property was acquired, *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979), and it proceeds "without regard to marital misconduct," A.R.S. § 25-318(A).

**¶14**     Our reading is confirmed by *Montoya*'s reliance on *Brown v. United States*, 356 U.S. 148, 155–56 (1958), where the U.S. Supreme Court held that a party who elects to testify "cannot reasonably claim that the Fifth Amendment gives him not only this choice but, if he elects to testify, an immunity from cross-examination *on the matters he has himself put in dispute*." (Emphasis added). Father has not placed legal decision-making or parenting time in dispute. Just the opposite. He concedes those issues are off the table once he invokes the privilege and accepts the negative inference.

**¶15**     A party may not use privileged information as a sword while asserting the privilege as a shield. *U.S. v. Rylander*, 460 U.S. 752, 758 (1983).

---

[1]     Earlier this year, the legislature substantially amended A.R.S. § 25-403.03. *See* H.B. 2995, 57th Leg., 2d Reg. Sess. (Ariz. 2026). The dissolution proceedings in this case preceded the amendment, so we refer to the statute's prior version.

Father wields no sword. He does not propose to testify about his fitness as a parent, his conduct in December 2023, or any other fact relevant to legal decision-making or parenting time. He intends to testify only about finances—matters the privilege does not reach.

¶16        Because Father seeks only to testify about finances, the superior court imposed an impermissible penalty on his silence. A party who invokes the Fifth Amendment "should suffer no penalty for his silence." *Wohlstrom v. Buchanan*, 180 Ariz. 389, 391 (1994) (quoting *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979)). A "penalty" is "the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Id.* (quoting *Spevack v. Klein*, 385 U.S. 511, 515 (1967)). There are natural consequences of invoking the Fifth Amendment privilege that are not penalties. When Father invokes the privilege in response to domestic violence questions, he loses the right to testify on those issues, and the court may draw a negative inference. *See Montoya*, 173 Ariz. at 130–31. That is not a penalty.

¶17        But here, the superior court barred Father from testifying about asset and debt division because he exercised a constitutional right and invoked the privilege on a different topic. That is an unconstitutional penalty. *Wohlstrom*, 180 Ariz. at 391.

¶18        Mother argues that departing from *Montoya*'s all-or-nothing rule will complicate dissolution trials because financial issues can turn on the same domestic violence conduct Father refuses to discuss under oath. That concern is legitimate. Section 25-318(C) provides that a family court may consider "all actual damages and judgments from conduct that resulted in criminal conviction of either spouse in which the other spouse or a child was the victim." And a marital waste claim might conceivably implicate domestic violence allegations. But those limited cases do not justify a categorical rule that punishes Father for invoking a constitutional right. The answer to complexity is judicial management, not a blunt preclusion order.

¶19        We do not reach whether a parent who invokes the privilege on a parental fitness issue may still offer other testimony bearing on the child's best interests. Father never asked for that. He asked only to testify about finances, and that is all we decide.

## CONCLUSION

¶20        Accepting special action jurisdiction, we grant relief and vacate the superior court's order barring Father's testimony on financial

5

matters. Father remains precluded from testifying about legal decision-making and parenting time if he invokes the privilege on the December 2023 domestic violence incident, and the superior court may draw a negative inference on those issues. We remand for proceedings consistent with this opinion.

